(64 South. 124.)

No. 19,907.

DEHAN v. FULLILOVE et al.

(Jan. 5, 1914.)

*(Syllabus by the Court.)*

1. COURTS (§ 224*)—APPELLATE JURISDICTION —AMOUNT INVOLVED.

Where the matter in dispute, or the fund to be distributed, does not exceed $2,000, exclusive of interest, the Supreme Court is without appellate jurisdiction. Article 85, Constitution; Rausch v. Barrere, 109 La. 563, 33 South. 602; State ex rel. Town of Jennings v. Miller, 109 La. 704, 33 South. 739.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

2. COURTS (§ 224*)—APPELLATE JURISDICTION —AMOUNT INVOLVED.

The business of carrying on a "blind tiger" is an obnoxious use of property, which inflicts injury upon a community. It is a public nuisance. It has no legal pecuniary value.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 608, 609, 614, 616, 617; Dec. Dig. § 224.*]

Appeal from the First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by H. Dehan against S. C. Fullilove and others. From judgment for defendants, plaintiff appeals. Appeal dismissed.

Foster & Webb and Scheen & Blanchard, all of Shreveport, for appellant. D. C. Scarborough, Jr., Asst. City Atty., of Shreveport (Hall & Jack, of Shreveport, of counsel), for appellees.

SOMMERVILLE, J. This civil suit for an injunction was argued at the same time and submitted with the criminal case, numbered No. 19,936, and entitled City of Shreveport v. Philip Maroun, 134 La. 490, 64 South. 388, decided this day.

Petitioner, alleging himself to be a citizen of the state of Louisiana, living with his family, and engaged in business at 511 Louisiana street, Shreveport, and therefore with property interests to protect, and that S. C. Fullilove, commissioner of public safety of the city of Shreveport, and officers under him, have entered upon the said premises, and are now demanding and attempting to forcibly search such premises, declares: That said attempt to search is unreasonable, and in violation of his rights, and that he is protected from such search by articles 2, 6, 7, 9, and 10 of the Constitution of the state of Louisiana, and amendments 4 and 5 of the Constitution of the United States. (He abandoned the protection claimed under the amendments to the Constitution of the United States.) That defendants claim the right to enter his premises under the authority of a search warrant issued by the city court of the city of Shreveport, which is invalid, null, and void for the reasons: (a) That the ordinance of the city council, in which is directed the issuance of said search warrant, is ultra vires the power and authority of said council, in that the ordinance attempts to create a crime; (b) that it attempts to create and make rules of evidence in criminal cases; (c) that it directs the issuance of search warrants in certain cases; (d) that the Constitution of the state, articles 7 and 11, specially prohibits the issuance of a search warrant against the party charged with a crime in order to obtain evidence against him; (e) that said ordinance has for its purpose and object the search of premises for obtaining evidence upon which to base a prosecution where it is not shown that a crime has been committed; (f) and that the affidavit authorized to be made by said ordinance fails to show the exact

premises to be searched; (g) that no object is designated to be seized in the warrant; (h) that said ordinance directs, upon affidavit being made, that a warrant, directed to the chief of police, shall issue for him—

"to go into such place or places and ascertain the truth, and if the said officers shall find evidence of such illicit business, he shall arrest all persons found in charge of said house or place, and the owner, keeper, clerk or lessee of said place and the owners of said liquors found, and carry them before the city judge," etc.

Plaintiff makes the ordinance complained of a part of his petition, and prays that—

"a writ of injunction issue herein as above, enjoining and prohibiting the said S. C. Fullilove, commissioner of public safety, and F. H. Lucar, chief of police, from entering plaintiff's premises under said warrant of search, on plaintiff's complying with the forms and essentials of law, and for service and citation hereon according to law and, after due proceedings had, for judgment perpetuating the injunction prayed for, and for costs. Further prays for all orders and decrees necessary, and for general relief."

After answer and trial, there was judgment dismissing plaintiff's suit, and he has appealed.

With the record in several cases on appeal from the city court of the city of Shreveport before us, wherein defendants were prosecuted for violating the ordinance herein sought to be enjoined, which declares "blind tigers" in the city of Shreveport to be public nuisances, and provides for their suppression by fine and imprisonment, which cases were submitted at the same time and on the same arguments presented in this case, and, after an examination of this record, we are of the opinion that it is a made-up case for the purpose of having the district court pass upon the validity of the ordinance in question.

In support of the allegation that defendants "are now demanding and attempting to forcibly search said premises, by entering upon same, and searching the said room in which the petitioner conducts his commercial business, as well as the apartment and furnishing in said room in which he and his family live," there was offered in evidence an order reading as follows:

"To F. H. Lucar, Chief of Police—Greeting: You are hereby commanded in the name of the City Court of the city of Shreveport, Louisiana, to go into the place described in the above affidavit and ascertain the truth of the allegation therein made.
"Thus done and signed on the 5th day of March, 1913. L. C. Blanchard, City Judge."

This order, although 24 hours had elapsed since it was issued, was not executed, and apparently there was no intention or attempt to execute it at any time, for the injunction was not sued out until the next day (March 6, 1913) after said order had been issued. It is quite clear from the evidence that said order was useless, and not intended to be executed.

Plaintiff testifies that his business is that of the keeper of a pool room at the place hereinbefore indicated, for which he pays a license; that he keeps no intoxicating liquors for sale; that the officers have been in his place six or seven times; that he had a few bottles of beer for his own use.

On the trial of the case the following admission was made:

"It is admitted that prohibition was voted in the parish of Caddo, including the city of Shreveport, and that prohibition ordinances were passed by the police jury, and by the city council. The ordinance by the city council prohibits the sale of intoxicating liquors in the city of Shreveport with a license, and imposes a penalty of a fine of not over $100, or not over ten days in jail, or both, in the discretion of the court."

Mr. Fullilove, defendant, testified that he was commissioner of public safety for the city of Shreveport, in charge of the police department; that it had been practically impossible to enforce the prohibition laws of Shreveport until the ordinance in question was adopted; that practically every fruit stand, near-beer stand, soda and Coca-Cola stand, pool room, and house of prostitution was a "blind tiger";

that he had visited 190 such places about a year previous to the day of the trial; that 157 places had been visited in the previous fall, for which internal revenue licenses had been issued by the national government in the prohibition city of Shreveport; that on the day of trial there were some 20 or 25 "blind tigers" in Shreveport after about one month's enforcement of the ordinance; that plaintiff, Dehan, held a retail liquor dealer's license from the national government; that he represented himself to be selling Coca-Cola and soda water, but that he had a bar and counter in the rear of his pool room where he operated a "blind tiger." Witness described the secret way of getting into said "blind tiger," through doors, passageways, etc., and that one had to work his way therein after inspection through a peephole; that he had raided said place some three or four days before this injunction was sued out; that he had there found two-thirds of a cask of beer, probably two or three dozen bottles on ice, and about six or eight quart bottles of whisky, of three or four brands, and the glasses, lemons, sugar, and all the equipment for mixing drinks, and that he also found two or three prominent citizens drinking there; that the criminal charge against plaintiff had not yet been tried; that a negro porter was in charge; that two whisky glasses and two glasses of water were on the bar, together with an empty beer bottle; that he subsequently went back and found everything open; no intoxicating liquors were found there at all. That was before the injunction was issued.

We have carefully gone over the evidence in the record, and we are convinced that the injunction sued out in this case was issued after plaintiff's place had been searched under a warrant or order; that it had been searched a second time, and a "blind tiger" was not being operated there; that a criminal charge was pending against plaintiff, de-

pending upon the evidence which had been found there under the order previously issued; and that the injunction herein should have been dissolved, because the alleged wrong complained of had been already perpetrated, and could not, therefore, be stopped by injunction. It is clear that the case was made up for the district court. A warrant had been already executed, and the one sought to be enjoined was useless, and not seriously issued.

We find an affidavit in the record, reading as follows:

"That the matter in dispute in the above-entitled and numbered cause and the value therein, which is in contestation, amounts to over two thousand dollars to him." Signed by H. Dehan, plaintiff.

[1, 2] The record shows conclusively and positively the amount in contestation is less than $2,000. Plaintiff does not allege or prove that his poolroom business has been or may be interfered with by defendants, or that his business of selling soda water and Coca-Cola have been or may be stopped. He does not allege or prove that the small quantity of intoxicating liquors hereinbefore enumerated were taken from him, and he does not testify as to their value. If he bases his affidavit as to the amount in contestation being over $2,000 to him upon his business of carrying on a "blind tiger," it is entirely without foundation. The business of retailing intoxicating liquors in Shreveport, or in Caddo parish, which is prohibition territory, is an illegal, illegitimate business; it is an obnoxious use by plaintiff of his property by which he inflicts injury upon the community; it is a public nuisance; and it is without pecuniary value in the eyes of the law and the court. Mugler v. Kansas, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205.

The matter in dispute not exceeding $2,000 —it does not amount to $100—the appeal is dismissed.

LAND, J., concurs in the decree.