(101 South. 315)

No. 24541.

## LARRABEE et al. v. LANDRY.

(June 27, 1924.)

*(Syllabus by Editorial Staff.)*

Courts ⬧224(2)—Supreme Court without jurisdiction to hear appeal in suit to abate nuisance.

In suit by taxpayers to enjoin operation of gambling house as nuisance, where pleadings and evidence did not show pecuniary amount involved or any personal or property right of a value in excess of $2,000, and where constitutionality or legality of any tax, assessment, toll, fine, or such was not raised, *held* Supreme Court, under Const. 1921, art. 7, § 29, was without jurisdiction to hear appeal.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by C. G. Larrabee and others against Sidney A. Landry. Judgment for plaintiffs, and defendant appeals. Appeal transferred.

Sidney W. Provensal, of Slidell, for appellant.

L. V. Cooley, Jr., of Slidell, for appellees.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

THOMPSON, J. Twenty property taxpayers and residents of the town of Slidell instituted this suit under authority of Act 192 of 1920 to enjoin and prohibit the defendant from operating a gambling house in said town and to close the said house as a public nuisance. There was judgment for the plaintiffs as prayed for, and the defendant appeals.

The pleadings and the evidence in the record do not bring the case within any of the provisions of the Constitution conferring appellate jurisdiction on this court. There is no pecuniary amount alleged or shown, nor any personal or property right of a value in excess of $2,000 in contest.

The constitutionality or legality of any tax, local improvement assessment, toll, or impost levied by the state, or by any parish, municipality, board, or commission, is not in contestation, nor is the legality or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the state at issue in the case. The constitutionality of the statute under which the suit was brought is attacked by the defendant, but the trial court held the law constitutional.

Section 29 of article 7 of the Constitution of 1921 provides that the Courts of Appeal shall have appellate jurisdiction in all cases, civil or probate, of which the district courts throughout the state have original jurisdiction, regardless of the amount involved, and of which the Supreme Court is not given jurisdiction.

The appeal should have gone to the Court of Appeal, and, because of the fact that the error in bringing it to this court is not imputable to the appellant, we shall transfer the appeal instead of dismissing it.

The appeal is transferred to the Court of Appeal, First Circuit, Parish of St. Tam-

many, provided the record is filed in said court within 15 days after the finality of this judgment. The appellant to pay the costs of appeal to this court.