## No. 1954.
### First Circuit Appeal.

O. E. GUILLORY v. POLICE JURY OF THE PARISH OF EVANGELINE.

(December 30, 1924, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Courts—Par. 126.**
The court of appeal has jurisdiction in an appeal from a decision on an injunction by a district court. Constitution, Article 7, Sections 29 and 35.

### ON THE MERITS

2. **Louisiana Digest, Parishes—Par. 23.**
As a result of the law requiring fees in excess of salaries to be paid into the parish treasury, there arises an implied power in the police jury to have an audit and investigation made for

the purpose of recovering for the parish any sums that may be due from the Clerks' Salary Fund.

Appeal from the 16th Judicial District, Parish of Evangeline, Hon. B. H. Pavy, Judge.

This is an injunction suit by the clerk of the court to prevent the police jury from having an audit and investigation made. There was judgment for the defendant police jury, and plaintiff appealed.

Judgment affirmed.

Dubuisson, Perrault & Burleigh, of Opelousas, attorneys for plaintiff, appellant.

W. S. Gardiner, of Ville Platte, attorney for defendant, appellee.

ELLIOTT, J. The plaintiff, alleging that he had been clerk of court of the Parish of Evangeline from the time of its organization in 1911 until his successor was elected, qualified and took over the office in 1924; that the police jury was about to undertake an investigation and audit of the account books, wherein are recorded the fees, charges and disbursements of the clerk's office of the Parish of Evangeline during his term of office and would publish the result of the investigation.

That the police jury has no right under the law to make or have made said audit or investigation;

That the proposed investigation and publication is not intended to serve public purposes, but it is contrived and intended to injure him personally and bring him into disrepute as a lawyer, etc.;

That some of the members of the police jury are actuated by malice and ill will toward him in urging said audit and investigation; that he fears same will irreparably injure his good name, fame and prospects as a lawyer; sued out an injunction preventing the police jury from having the audit and investigation made.

The police jury filed an exception to his petition on the ground that it did not disclose a right or cause of action, which the district judge sustained and dismissed his suit.

The plaintiff has appealed.

The police jury, acting through the district attorney, appeared and filed in this court an exception that the district court did not have any right to enjoin the police jury, as was done, and that this court has no jurisdiction ratione materia of this appeal.

The district court had jurisdiction to grant the injunction. It has jurisdiction "in civil matters regardless of the amount in dispute—and in all cases—where civil right—are involved and in all cases where no specific amount is in contest"—Constitution, Art. 7, Sec. 35. This court has jurisdiction of this appeal. Its jurisdiction extends to all cases in which the district courts have exclusive original jurisdiction, regardless of the amount involved, Constitution, Art. 7, Sec. 29.

The motion to dismiss is overruled.

### ON THE MERITS

Parishes are recognized in our law and in the Constitution of 1921 as governmental divisions of the State.

The Constitution, Art. 7, Sec. 73, provides that clerks of court may be paid a salary and that the fees collected in excess of their salary may be disposed of as required by law.

The law, Acts 1916, No. 142, Sec. 5, provides that if at the end of a year there remains any part of the Clerks' Salary Fund, it shall be turned into the parish treasury. A provision like that contained in the Constitution of 1921 is contained in an amendment to the Constitution of 1913 adopted in 1917. See Act 155 of the Extra Ses. 1916. And a provision like that contained in Act 142 of 1916 is found in Act 14, Sec. 5, (Amend. 1921, No. 124, p. 314) of Extra Ses. of 1918.

See also Revised Statutes, Sec. 2642, as to right of police jury to require an accounting as to parish funds.

As a result of the law requiring fees in excess of salaries to be paid into the parish treasury, there results an implied power in the police jury to have made an audit and investigation for the purpose of recovering for the parish any sums that may be due them from the Clerks' Salary Fund. State vs. Miller, 41 La. Ann. 53, 5 South. 258, 7 South. 672. Timothy Byrne vs. Parish of East Carroll, 45 La. Ann. 392, 12 South. 521.

The judgment sustaining the exception of no cause and no right of action was correct and must be affirmed.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein be and the same is hereby affirmed, the plaintiff and appellant to pay the cost of the exception in both courts.