BRUNOT, J.
 

 This is a suit by the surviving widow of Joseph Bunol, deceased, against his mother, to compel the removal of the decedent’s remains from their present resting place to a different tomb.
 

 The petition was met by an exception of no cause of action, and plaintiff has appealed from a judgment maintaining the exception and dismissing her suit.
 

 During the argument in this court, our appellate jurisdiction of the cause was questioned. In view of that fact, plaintiff has sought to supplement the allegations of the petition by an affidavit in which she deposes as follows:
 

 “That she is plaintiff in the above entitled and numbered cause; that as alleged in the petition in this case, she purchased a burial site and erected thereon a tomb at the cost of Twenty-Three Hundred Dollars ($2,300.00) with the intention of placing the remains of her husband therein, the right to do which is the matter in contest in this suit; that the tomb is useless to her unless the remains of her husband are placed therein.
 

 “Affiant further deposes and says that her right to remove the remains of her husband from the tomb of the defendant to the tomb erected by affiant who is the plaintiff in this suit is a very valuably right to her and that in terms of money the said right is worth more than Twenty-Five Hundred Dollars ($2,-500.00) and that she would not surrender said right or forego it for that sum of money, or more.”
 

 In the foregoing affidavit, the affiant merely fixes the approximate estimate of the sentimental value to her of the right to possess and to remove the body of her deceased husband from a tomb owned by her mother-in-law to one now owned by her.
 

 This is a civil suit, and it is not alleged in the petition, or in the affidavit, or is it otherwise shown, that any property is involved in the suit, or any amount is in dispute, or any fund is to be distributed. The prayer of the petition is merely for:
 

 “Judgment in favor of petitioner and against defendant Mrs. Leontine Bunol decreeing petitioner to be entitled to the possession of the remains of her deceased husband in the tomb situated on lots 79 and 80 in Section 90 in Metairie Cemetery and that de
 
 *394
 
 fendant be ordered to permit the removal from tlie said tomb of tbe remains of petitioner’s deceased husband for interment in the tomb in Metairie Cemetery built by petitioner.”
 

 The three cases cited by plaintiff’s counsel in connection with her affidavit, viz. Testart v. Belot, 32 La. Ann. 603, Heirs of Gee v. Thompson, 39 La. Ann. 310, 1 So. 538, and Waters Pierce Oil Co. v. Town of New Iberia et al., 47 La. Ann. 863, 17 So. 343, have no application to the case before us. In the cited eases property under seizure or funds to be distributed were involved.
 

 The appellate jurisdiction of this court in civil cases is fixed by section 10 of article 7 of the Constitution of 1921. This ease does not come under any of the exceptions or special provisions of the Constitution; therefore, the part of section 10 which applies, is as follows:
 

 “It shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest,” etc.
 

 The jurisdiction of the Courts of Appeal is fixed by section 29 of article 7 of the Constitution, the pertinent part of which section reads:
 

 “The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all eases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, * * * and of which the Supreme Court is not given jurisdiction,” etc.
 

 The civil district court for the parish of Orleans had original jurisdiction of this suit. No amount is in dispute; no fund is to be distributed. The case merely presents a justiciable right. Exclusive appellate jurisdiction of such cases is vested in the Courts of Appeal. It is therefore ordered, pursuant to the provisions of Act 56 of 1904, as amended by Act 19 of 1912, that this case be transferred to the Court of Appeal for the Parish of Orleans, said transfer to be perfected in thirty days; otherwise that this appeal be dismissed, and that the costs of this court be paid by appellant.