## FRIERSON et al. v. COOPER.
### No. 17430.

Court of Appeal of Louisiana.   Orleans.
May 23, 1940.

Writ of Certiorari Granted July 18, 1940.

T. Semmes Walmsley, of New Orleans, for appellee.

Milling, Godchaux, Saal & Milling and Dufour, St. Paul & Levy, all of New Orleans (M. Truman Woodward, Jr., and Wm. C. Dufour, all of New Orleans, of counsel), for appellants.

JANVIER, Judge.

James Cooper, defendant, is the owner of the property No. 613–615 Royal Street in that part of the City of New Orleans known as the "Vieux Carre". Both in the building itself and in the patio in the rear, he conducts an establishment known as the "Court of the Two Sisters", the principal feature of which is a restaurant, and in connection therewith employs certain persons who, by means of musical instruments, produce what he terms music, but which, apparently, is thought by the petitioners in this proceed-

ing to be a concatenation of loud, unusual and disturbing noises.

Alleging that the sounds emerging therefrom constitute a nuisance and that they are annoyed and disturbed thereby, plaintiffs, in their petition, pray that the said Cooper be enjoined and restrained "from operating his said establishment * * * in the open patio hereinabove described, and from playing music and causing any noises and sounds to emanate from the patio * * *", and, in the alternative, they pray that he be enjoined and restrained from "permitting music, noises and other sounds to emanate therefrom after 12 o'clock midnight * * *".

Defendant denied that the music produced in connection with his establishment constitutes a nuisance, or is annoying. After a trial, there was judgment for defendant dismissing the suit. Plaintiffs have appealed to this court and defendant, appellee, has moved to dismiss this appeal on the ground that not this court, but the Supreme Court, has jurisdiction of the appeal since the right of which plaintiffs seek to deprive him is a valuable one worth more than $2,000. It is this motion to dismiss which is now before us.

While, in the record, there is certain evidence from which it appears that the property of defendant is worth many thousands of dollars, there is in the evidence as it was adduced below nothing whatever from which we can determine the value of the right of which petitioners seek to deprive defendant. His counsel, realizing that the record contains no such evidence, has filed with us two affidavits of Cooper in which he attempts to convince us that the said right has a value in excess of $2,000. Although, as we have said, the prayer of the petition indicates that plaintiffs desire to prevent Cooper from operating his establishment in the patio, or, in the alternative, from operating in the patio after 12 o'clock midnight, counsel for petitioners have filed with us a statement in which they state that they advised the District Court and that they now advise us that it has at all times been understood that all that is desired is that Cooper be restrained "from playing music and causing disturbing noises and sounds to emanate from the open-air patio at his establishment in the evening and early morning hours, or in the alternative that he be so re-

strained after midnight". In other words, that they are not attempting to prevent the operation of the restaurant within the building or in the patio, nor are they seeking to enjoin him from causing music to be played either in the building or in the patio during the daylight hours, but are determined only that he shall not produce music in the patio in the evening hours.

■ Counsel for appellants concede that, for the purpose of assisting the court in determining whether this court has jurisdiction of the appeal, affidavits may be filed, and there is no doubt that it is well established that this may be done where the record itself fails to disclose the value of that which is in dispute. See Ducre v. Milner, 175 La. 897, 144 So. 610; Dehan v. Fullilove et al., 134 La. 313, 64 So. 124; Fontenot v. Ludeau et al., 190 La. 133, 182 So. 125; Murff v. Louisiana Highway Commission, 180 La. 664, 157 So. 383; Bunol v. Bunol, 168 La. 391, 122 So. 121.

However, they maintain that whether the value of the right is in excess of $2,000 is of no moment for the reason that, regardless of the value, this litigation involves no monied demand and no distribution of any fund in dispute, but only the determination of a justiciable right, and that, therefore, regardless of the value of that right, the appeal must go to this court and not to the Supreme Court.

■ In order to determine whether this court has jurisdiction of an appeal in any particular case, we must first consider whether, by the Constitution, jurisdiction is given to the Supreme Court, for, generally speaking, we are given jurisdiction in all cases except those which must be appealed to that court. It was said in Bunol v. Bunol, supra:

"The jurisdiction of the Courts of Appeal is fixed by section 29 of article 7 of the Constitution, the pertinent part of which section reads:

" 'The Courts of Appeal, except as otherwise provided in this Constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans, or the District Courts throughout the State, have exclusive original jurisdiction, * * *

and of which the Supreme Court is not given jurisdiction,' etc."

Thus, we and not the Supreme Court have jurisdiction unless, by some other provision of the Constitution, jurisdiction is given to the higher court, and it is contended here that jurisdiction is given to the said Supreme Court by section 10 of Article VII of the Constitution of 1921 for the reason, as we have said, that the value of the right exceeds $2,000. On this question, then, the controversy depends upon whether, even though there is no monied demand and no fund to be distributed, it can be said that the amount in dispute exceeds $2,000, as is contended by appellee, or involves merely a justiciable right, as is contended by appellants.

An examination of former decisions of the Supreme Court leaves us somewhat confused. In Bunol v. Bunol, supra, a widow sought to obtain the removal of the remains of her husband from the tomb of the husband's mother. The widow had constructed a tomb of her own which had cost $2,300. From a judgment dismissing her suit the widow appealed to the Supreme Court and sought to maintain jurisdiction in that court by stating in an affidavit which she filed there that she had erected the tomb at a cost of $2,300 and that the right to remove the remains " * * * is worth more than Twenty-Five Hundred Dollars ($2,500.00) and that she would not surrender said right or forego it for that sum of money, or more." The Supreme Court, while recognizing her right to file the said affidavit, stated that nevertheless the question which was presented to them did not involve a monied demand, nor a fund to be distributed, and that the case merely presented a justiciable right. The court said: "Exclusive appellate jurisdiction of such cases is vested in the Courts of Appeal."

However, in Dehan v. Fullilove et al., supra, and in Larrabee et al. v. Landry, 156 La. 939, 101 So. 315, there may be found reasoning and language indicating, we think, the view that, even where there is involved only the question of the deprivation of a right and not a monied demand, still, if that right exceeds in value $2,000, jurisdiction of the appeal is vested in the Supreme Court. In the Dehan case the suit was one to enjoin interference by cer-

tain public officials with an establishment which was being operated by Dehan. His establishment involved the operation of a poolroom, the selling of soda water and cold drinks, and apparently the dispensing of intoxicating liquors. In an effort to sustain the jurisdiction of the Supreme Court, the plaintiff made affidavit stating that the amount in contest—i. e., the right to operate the establishment—exceeded in value $2,000. The Supreme Court held that, since the business of retailing intoxicating liquors was an illegal one in Shreveport at that time, the value of that particular part of his business could not be taken into consideration and that the affidavit did not state that the value of the right to operate the legitimate part of the business exceeded $2,000, and, as a result, the court said that the appeal should be dismissed since the matter in dispute did not exceed $2,000. It seems very obvious to us that, had the plaintiff there stated in the affidavit that the value of the right to operate the poolroom and the cold drink stand exceeded $2,000, the court, by the same reasoning, would have concluded that jurisdiction of the appeal should vest in the Supreme Court.

To the same effect we find Larrabee v. Landry, supra. There certain taxpayers in Slidell attempted to enjoin the defendant from operating a gambling house. There was no monied demand; there was no fund to be distributed. Defendant appealed from a judgment granting the injunction. Motion was made to dismiss the appeal on the ground that the amount involved—that is to say, the value of the right—did not exceed $2,000. The Supreme Court transferred the appeal to the Court of Appeal, saying: "There is no pecuniary amount alleged or shown, nor any personal or property right of a value in excess of $2,000 in contest."

Here, again, we think it obvious that, if the record had contained evidence to the effect that the value of the right to operate the gambling house could be said to be in excess of $2,000, the Supreme Court would have retained jurisdiction.

So that we say that there seems to be some conflict on the question of whether, in a suit involving merely a right to operate a business, the appeal should be taken always to the Court of Appeal, regardless of the value of the right to operate the business.

We believe that it is unnecessary to reach a definite conclusion on this point, for the affidavits which have been filed by appellee in support of his motion to dismiss make no mention of the value of the very limited right to have music played in his patio in the evening hours. They devote themselves solely to the value of the much more extensive right to operate the patio in connection with the restaurant and to have music played at all times, but make no statement at all concerning the value of the much more restricted right of playing music in the patio in the evening hours. There is nothing in the record, or in the affidavits, by which we can determine that the value of the right to play music in the patio in the evening hours exceeds $2,000 in value, and since, in the absence of such showing, we would have jurisdiction of the appeal, we conclude that we have such jurisdiction.

Furthermore, although we recognize that, for the purpose of determining jurisdiction on appeal, proof of value may be made by affidavit, we think that the statements made in such an affidavit should be carefully scrutinized and that an affiant should not be permitted, merely by making statements which his fancy may dictate, to compel the courts to bow to his wishes concerning the appellate court which shall hear the appeal. There must be some reasonable foundation for statements as to value and they should be disregarded where they obviously constitute merely a guess.

It will be noted that, in most of the cases mentioned in which it was sought to dismiss an appeal on the ground that the amount in dispute did not exceed $2,000, the Supreme Court announced the doctrine that, unless it is affirmatively shown that the jurisdiction is in that court, the matter will be transferred to the appropriate Court of Appeal. The burden, then, was on the mover to show that the value of the right sought to be enjoined exceeded $2,000 and he has not made proper showing of this fact.

It is therefore ordered, adjudged and decreed that the motion to dismiss the appeal be and it is overruled at the cost of mover.

Motion to dismiss overruled.