Plaintiff has filed this suit in which he prays for a preliminary injunction against twenty-one defendants, "enjoining, restraining and prohibiting them and each of them from blocking the entrances to petitioner's said plant site, and from using force, violence, threats and intimidation in preventing or attempting to prevent any of petitioner's employees from continuing in such employ, or any person from accepting employment with petitioner or from entering or leaving said place of employment of said petitioner."
The defendants are:
"(1) Darrell H. Blair, Business Manager, Building and Construction Trades Council of Lake Charles, La., and vicinity, domiciled in City of Lake Charles, Calcasieu Parish, La., and acting also as the designated and authorized agent of the hereinafter named affiliate local unions within the jurisdiction hereof; viz., Baton Rouge, Eunice, Lake Charles, and Alexandria, La., and others whose names and identities are unknown to petitioner herein;
(2) William M. Pecue, Business Manager for Steamfitters Local 807, domiciled in the City of Baton Rouge, East Baton Rouge Parish, Louisiana;
(3) C. Andrus, Business Agent of Carpenters Local, Lake Charles, Calcasieu Parish, La., domiciled in Eunice, St. Landry Parish, Louisiana. *Page 658 
(4) M. Graham, Business Agent Truck Drivers Local of Lake Charles, La., and vicinity, domiciled in Lake Charles, Calcasieu Parish, Louisiana;
(5) Zackary B. Richard, Business Agent and Financial Secretary and Treasurer of the International Association of Bridges, Structural and Ornamental Iron Workers, Local No. 678, (Mixed), domiciled in Lake Charles, Calcasieu Parish, Louisiana;
(6) R. C. Coffer, Business Agent for Lake Charles and vicinity Engineers' Local 406-A, 406-B, domiciled in Lake Charles, Calcasieu Parish, Louisiana;
(7) Frank Clawson, Business Agent, Local No. 207, Int. H.C.B. C., L.U. of A., of Lake Charles and vicinity, domiciled in the Parish of Calcasieu, Louisiana;
(8) J. W. Spencer, Business Manager, International Brotherhood of Electrical Workers, Local Union 576, and vicinity thereof, domiciled in Alexandria, Rapides Parish, Louisiana;
"All of the above named defendants, eight, compose the Building and Construction Trades Council in affiliation with Building and Construction Trades Department, American Federation of Labor; the following individual defendants, to wit:
"(9) Orise R. Fuselier;
"(10) Foche Fuselier;
"(11) Larry Lemoine;
"(12) Leodias Fontenot;
"(13) Hillary Tate;
"(14) Hosea Savant;
"(15) Duffy Aucoin;
"(16) Ariel Fontenot;
"(17) Olizia Bertrand;
"(18) Wilson Rougeau;
"(19) Roy Milstead;
"(20) Chease Reed;
"(21) Rene Young;
"All of whom are domiciled in the Parish of Evangeline, Louisiana."
Plaintiff alleged that it is engaged in business in the State of Louisiana as a general contractor and was, on the date of the petition, engaged in constructing for the Magnolia Petroleum Company a gasoline plant for the purpose of processing gas in the Magnolia Petroleum Company Mamou Oil Field in the Parish of Evangeline, Louisiana; that the plaintiff was engaged in a labor dispute with the defendant labor unions and persons named in its petition, some being members of a union and some being nonmembers; that plaintiff desires to continue construction of the gasoline plant as an "open shop" job, however, the defendants have insisted that plaintiff employ only union men approved by them and conduct said construction as a "closed shop"; that plaintiff has in its employ seventy-two men, some of whom are union members and others non-union; that although petitioner was not obligated to employ local people, it did employ as many as it possibly could in order to have the full-hearted cooperation and good will of the local land owners, taxpayers and citizens of the community of Mamou; that on Wednesday, March 17, 1948, at about noon, the above named defendant Local Unions, acting through its agents and representatives and particularly through the defendant, Darrell H. Blair, together with the other named defendants and numerous other persons who plaintiff alleged were unknown to it, caused to be assembled on, along and across the State Highway in front of the property on which said plant is being constructed, and on, along and across the private property of Magnolia Petroleum Company, for whom petitioner is constructing said gasoline plant, and particularly on, along and across the only three entrances to said plant site, on the private property of said Magnolia Petroleum Company, approximately two hundred (200) men, a majority of whom are nonresidents of the Parish of Evangeline and the immediate locality in which said gasoline plant is being constructed, completely blocking all entrances to said plant site."
Plaintiff further alleged that its employees were threatened with violence and bodily harm if they should attempt to enter plaintiff's premises to resume their work, although at numerous times subsequent to March 18, 1948 the plaintiff's employees and officials attempted to enter its premises but were denied the right to free entrance by the leaders of the mass assembly; that on each occasion the leaders of the mass assembly *Page 659 
threatened and pursed plaintiff's employees and advised them to join the mass assembly if they ever wanted to work on said construction job, and finally plaintiff alleged that the defendants have assembled and caused to be assembled in and around the plant construction site, beginning on March 17th and continuing to the date of the filing of the petition, at all entrances and exits of the plant site, approximately 200 men in mass formation, for the specific purpose of intimidating, interfering with, coercing and preventing plaintiff's employees from working on said construction job; that all of these acts are in violation of the provisions of Act No. 180 of 1946, Regular Session of the Legislature of Louisiana.
Plaintiff alleged that such acts were in connection with a conspiracy on the part of the defendants named to prevent plaintiff's employees from continuing in their employ of plaintiff, and also to prevent available and prospective employees from accepting employment with plaintiff; also that immediate and irreparable injury will result to plaintiff, which injury is not compensable in money, by the unlawful acts of the defendants and by the threats of further unlawful acts on the parts of defendants, and, as there is no adequate remedy at law for plaintiff, that plaintiff is entitled to the preliminary writ of injunction in accordance with the provisions of Act No. 180 of 1946 and other laws of Louisiana applicable thereto. Wherefore, plaintiff prayed for the issuance of a rule directed to each of the defendants, ordering them to show cause why a preliminary injunction should not issue, and, upon the trial on the merits, that the defendants and each of them be permanently enjoined.
On the day of the trial, defendants filed an exception of no right and no cause of action, which exceptions were referred to the merits by the trial judge. Defendants then filed their answer, which is a general or blanket denial of every pertinent allegation contained in the plaintiff's petition.
The case was tried upon supporting affidavits in accordance with Act No. 29 of 1924, § 2. In support of the plaintiff's case, it offered twenty-one affidavits. Defendants, through their counsel, objected to the filing of the affidavits by the plaintiff, numbered P-1 through P-21, for the following reasons;
"Act No. 29 of 1924, Section 2, requires any affidavit introduced in any proceeding under that act to bear the caption of the suit, including the name and number, thereof; the present offering of Plaintiff P-1 fails to show anything other than State of Louisiana, Parish of Evangeline. It fails to provide the number of the suit, it fails to provide the name of the suit. Rather than go through each affidavit which respondents have thoroughly checked, the same is true for P-1, 2, 3, 4, on through P-21, all of the affidavits introduced by petitioner."
"Further objection is offered to the affidavit of one John R. Smith, as said affidavit was served on respondents through their Counsel at ten o'clock (10:00) A.M., the 8th day of April, 1948; as admitted to by Counsel for plaintiff, the Act 29 of 1924 requires that affidavits filed under the provision of said Act be filed at least twenty-four (24) hours prior to the trial."
"In addition, thereto, the court's attention is also called to the fact that the affidavit of John R. Smith also fails to bear the caption of the suit, the number, thereof of the name of the suit as required by said Act 29 of 1924."
"Counsel for Plaintiff appraises the Court to the fact that all the affidavits were bound and are bound together under the heading and title of the suit, with each exhibit marked on the face, thereof, and a certificate showing proper service on opposing counsel, and is accumulative in one document which Plaintiff thinks complies with the law, and the objection would have to the effect that each affidavit should have its own special heading, and applies when they are not bounded and filed separately, but in the instant matter, as presented to the Court are all one and the same document, as served to opposing Counsel."
"The Court: The Court upon its own initiative, shall permit the note of evidence to remain open until Saturday morning at the hour of nine o'clock (9:00), for the purpose of permitting Defendants to file any *Page 660 
additional affidavits if they deem it necessary in reply to the facts averred by Plaintiff in Affidavit No. 20.
"Subject to this ruling, all other objections are referred to the merits."
The defendants offered 40 affidavits, numbered R-1 through R-40, inclusive.
The Court, with written reasons, granted preliminary injunctions against all defendants "from blocking the entrances to plaintiff's plant site, and from using force, violence, threats and intimidation in preventing or attempting to prevent any of plaintiff's agents, hired help and/or employees from continuing in such employ, or any person or persons from accepting employment with plaintiff, or from entering or leaving said place of operation of plaintiff herein."
"It Is Further Ordered, Adjudged And Decreed that all defendants named, supra, in this judgment and decree or their designated agents or substitutes are hereby permitted to peacefully picket said site, should they so desire, in the following restricted manner, to wit:
"(A) That said a forenamed defendants, their agents or substitutes are allowed not more than three (3) men, at any one time, at each entrance to plaintiff's plant site on their designated location for the construction of the said plant and said three (3) designated men shall be spaced not closer than ten (10) feet apart, and away from each other, to each of said entrances, and that they and each of them, be stationed in the public road at a distance of not less than fifty (50) feet from the gate or entrance to plaintiff's property site or location."
"(B) That the Sheriff in and for the Parish of Evangeline, Louisiana, or anyone of his duly authorized, delegated and empowered regular or special deputy or deputies, so delegated or designated by him, shall observe defendants, their agents or substitutes, picketing, with a view of seeing that they are peaceful and in accordance with the mandate and judgment of this Court."
"It Is Finally Ordered, Adjudged And Decreed that all defendants named supra, in this judgment, are cast for all costs of these proceedings, insolido."
Defendants, on the 19th day of April, 1948, were granted a devolutive appeal. The plaintiff-appellee has filed a motion to dismiss this appeal for the reason that it alleges that this Court is without jurisdiction rationae materiae as the amount involved is in excess of $2,000.
The jurisdiction of this Court is founded under Article 7, Section 29 of the Constitution of the State of Louisiana. In the first place, we do not find in plaintiff's petition any mention of a pecuniary injury. On the contrary, the plaintiff alleges that its injury is not compensable in money, and there is no allegation and no evidence in this record to prove any claim for anything in controversy with a pecuniary value. We agree with the statement of counsel for defendant in his brief as follows: "The theory on which petitioner-appellee founded his demand for a preliminary injunction was an alleged invasion of his civil rights without pecuniary value, and in those cases jurisdiction vests in the Court of Appeal by a clearly marked and uncontradicted line of jurisprudence relative to appeals from granting or refusing to grant preliminary or permanent injunctions, Noe v. Maestri, 193 La. 382, 190 So. 588; Bunol v. Bunol, 168 La. 391, 122 So. 121; Dastugue v. Cohen, 14 La. App. 475, 131 So. 746; Slaughter v. New St. John Missionary Baptist Church, 8 La. App. 430, (First Circuit Court of Appeal); O. E. Guillory v. Police Jury of Parish of Evangeline, 1 La. App. 195, (First Circuit Court of Appeal.)"
We are therefore of the opinion that the motion to dismiss the appeal should be denied.
The appellants have evidently abandoned the exception of no cause or right of action filed in the lower court as they are not urging it in this court.
The defendants-appellants contend that none of plaintiff-appellee's evidence was admissible because it was not captioned as mandatorily required by Act No. 29 of 1924 under which this preliminary injunction was obtained. The defendants made timely objection to the introduction of these *Page 661 
affidavits, which objection is stated in full above.
The case was heard upon supporting affidavits under authority of Section 2 of Act No. 29 of 1924 which states in part: "If the proof be by affidavit, the applicant shall deliver to the defendant (or if the defendants are numerous, to one or more of them, as may be ordered by the court) at least twenty-four hours before the time fixed for the hearing, true copies of the supporting affidavitis [affidavits], if any, intended to be used by him at the hearing; * * * Affidavits shall be entitled and numbered in the cause, and shall be sworn to by the affiant before some officer authorized to administer oaths, and who is not a party or attorney in the cause or otherwise interested therein, and such oath shall have the same sanctity as if administered in open court, and wilful false swearing to any material fact in any affidavit shall constitute perjury."
A mere glance at the affidavits of plaintiff, from P-1 through P-21, shows that they do not comply with that portion of the above quoted Section which states that "Affidavits shall be entitled and numbered in the cause". These affidavits only contain "State of Louisiana, Parish of Evangeline," and do not carry the title nor the number of the cause. We are of the opinion that this provision of the law is mandatory, for the Legislature, in the same section and same sentence, stated: "* * * such oath shall have the same sanctity as if administered in open court, and wilful false swearing to any material fact in any affidavit shall constitute perjury."
An affiant, upon swearing to an affidavit, should by this means know that he is offering evidence in a Court of law and that for any false statements he would be subject to a prosecution for perjury.
The defendants have cited no Louisiana decision on this point, however, we find in Volume 28 of American Jurisprudence, page 443, Section 268: "The affidavits to be used on application for preliminary injunction should be properly entitled in the court and the case."
Also cited is the case of Hill v. McBurney Oil Fertilizer Co., 112 Ga. 788, 38 S.E. 42, 52 L.R.A. 398, which held: "A defendant's affidavits are inadmissible on a hearing for interlocutory injunction where they fail to state the court or the case and do not show affirmatively that they were made to be used in the case."
We are of the opinion that the objection made by the defendants to the introduction of Affidavits P-1 through P-21, offered by the plaintiff, and which affidavits did not contain the title and number of the cause, should have been sustained. Such a ruling leaves the plaintiff without any proof of the allegations of its petition, and it is therefore not entitled to the relief prayed for and granted by the judgment of the Lower Court.
While the defendants contend that the judgment is erroneous on five other grounds, it is unnecessary to consider them in view of our present ruling.
It is also unnecessary for the purposes of this decision to consider the effect of the repeal of Act No. 180 of 1946, since the effect of this decision is to reverse the lower court for the reasons hereinabove set forth. Since this case may be tried on the merits, it is the opinion of this court that upon such trial Act No. 203 of 1934 will be applicable as the controlling statute of any significance in the field of labor law.
It is therefore ordered that the judgment of the District Court be reversed and that there now be judgment in favor of the defendants and against the plaintiff, recalling and dissolving the preliminary writ of injunction issued herein, the plaintiff to pay all costs incurred in obtaining the writ of preliminary injunction, all other costs to await the final determination of this case.
It is further ordered that this case be remanded to the District Court for hearing on the merits in accordance with law. *Page 662