(137 So. 195)

STOKES v. NEW ORLEANS PUBLIC SERV-
ICE, Inc.
No. 29903.

May 20, 1929.

Long, Fields & O'Neal, of Shreveport, for appellant.

Dufour, Rosen & Kammer, of New Orleans, and Clarence R. Wharton, of Houston, Tex., for appellee.

OVERTON, J.

V. P. Stokes, agent for E. Landresse, instituted this suit to recover of defendant $1,-150, with legal interest from judicial demand, for alleged illegal overcharges collected from him on electric current bills; to obtain a decree declaring that the only valid and legal rates for electric current are the normal prewar rates, fixed by Ordinance No. 3651, Commission Council Series, and by a contract entered into by the city of New Orleans with the New Orleans Railway & Light Company, the predecessor of defendant, on October 27, 1916, pursuant to said ordinance; to obtain a decree declaring any other rates in excess of those fixed by said ordinance and contract null and void; to enjoin defendant from exacting any other rates than those fixed by the aforesaid ordinance and contract; and, in the alternative, to obtain a decree declaring Ordinance No. 6822, Commission Council Series, unconstitutional, if it be held that said ordinance was intended to perpetuate the temporary increase of rates, sanctioned by Ordinance No. 5257, Commission Council Series, passed during the recent war, and permitting an increase in rates of 30 per cent. over those fixed by Ordinance No. 3651.

The trial court rejected plaintiff's demand. Plaintiff then obtained an appeal to this court. He now rules defendant to show cause why the appeal should not be transferred to the Court of Appeal for the Parish of Orleans, for the reason that this court has not jurisdiction of the demand; the Court of Appeal alone, it is urged, having appellate jurisdiction thereof.

It is obvious that the $1,150, sued for by plaintiff, is not the only thing involved in this suit. The suit also involves the right of defendant to continue charging, under the authority of Ordinances Nos. 5257 and 6822, the increase of 30 per cent. over the charges authorized by Ordinance No. 3651 and the contract entered into by the city, with defendant's predecessor, pursuant thereto. This right is distinctly alleged in plaintiff's petition to be worth far in excess of $2,000. An analysis of the petition clearly supports that allegation. Since the amount involved is in excess of $2,000, exclusive of interest and costs, this court has jurisdiction of the appeal. Const. art. 7, § 10; Black v. New Orleans Railway & Light Co., 145 La. 180, 82 So. 81; Marx v. Meyer Bros., 50 La. Ann. 1236; 23 So. 923; Ready v. City of New Orleans, 27 La. Ann. 169.

The rule to transfer the appeal is therefore denied.

O'NIELL, C. J., absent, takes no part.