PER CURIAM.
 

 Senator James A. Noe, who is a candidate for Governor, is asking for writs of certiorari and mandamus to compel Judge Walter L. Gleason, of the Civil District Court, to grant him'a writ of injunction to prevent the Mayor of New Orleans and the Superintendent of Police from interfering with the distribution of circulars or leaflets in behalf of Senator Noe’s candidacy. He charges that the police officers arrested six of the men who were employed to distribute the circulars or leaflets; and that the officers charged the men with being loiterers, when in fact . they were not loiterers, but were engaged in the lawful occupation of distributing the circulars or leaflets. In his petition for a writ of injunction, the plaintiff pleaded that, if the mayor and the superintendent of police should plead or contend that the men who were arrested were erroneously charged with being loiterers and should have been charged with distributing the circulars or leaflets without having obtained a permit from the mayor, as required by a certain municipal ordinance, then the ordinance was unconstitutional, for certain reasons stated in the plaintiff’s petition. The defendants, the mayor and the superintendent of police, did not contend or plead that the men who were arrested were erroneously charged with being loiterers, or that they should have been charged with distributing the circulars or leaflets without a permit; hence the plaintiff’s alternative plea, concerning the constitutionr ality of the ordinance, became unnecessary, and never had the effect of challenging the constitutionality of the ordinance. If the question of constitutionality of the ordinance, requiring a permit from the mayor for the privilege of distributing circulars, leaflets, or other advertising matter, had -been put at issue, and if the judge had decided against the plaintiff on that question, the plaintiff would have had the right to an appeal to this court, -because the Constitution (in section 10 of article 7) declares that the supreme court shall have appellate jurisdiction in any case in which the constitutionality or legality of a penal ordinance of 'a municipal corpora
 
 *385
 
 tion is in contest, regardless of any financial matter being in contest. In this case the matter in contest is a civil or political right; hence, there being no contest over the constitutionality or legality of the municipal ordinance, the Court of Appeal (according to sections 29 and 35 of article 7 of the Constitution) has appellate jurisdiction over the case.
 

 It is a fundamental rule that this court will not exercise its supervisory jurisdiction in ,any case where there is .an. adequate remedy by appeal. Aside from that rule, or in cases where the process of appeal might be too slow to be of any avail, this court will never grant a mandamus to compel a judge to grant an injunction except in a case where the law makes it the mandatory duty of the judge to grant the injunction, or in a case where the judge’s refusal to grant the injunction constitutes an abuse of such discretion as he may have either to grant or to refuse the injunction. This case is not one in which the- law made it the mandatory duty of the judge to grant an injunction. On the contrary, the judge was obliged to determine, from the evidence, and according to his own judgment and discretion, whether an injunction was necessary tó prevent the harm which the plaintiff apprehended. As to the arrests which had been made, an injunction, of course, could not undo what was already done. In so far as these arrests which had been made tended to justify the plaintiff’s apprehension that similar arrests would be made, so as to interfere with his constitutional right to distribute his circulars or leaflets, the mayor and the superintendent of police disclaimed, in open court, any previous knowledge that the arrests were to be made; and they, who are ■ the only defendants in the suit, gave assurance to the judge that the police officers thereafter would not interfere with the constitutional right of the plaintiff to have his circulars or leaflets distributed in this city. The mayor and the superintendent of police did not concede that the policemen were not in good faith in charging the men whom they arrested with being loiterers, or that the police officers had abused their authority in any respect. But that was not an issue in this case, and was a matter of no importance except in so far as it served to show whether an injunction was or was not necessary in the premises.The judge, in pronouncing his judgment that an injunction was not necessary, announced from the bench that he accepted the assurance of the mayor and of the superintendent of police in that respect, and that in his opinion the plaintiff would be entitled to an injunction if in the future the police officers should interfere unlawfully with the distribution of the plaintiff’s circulars or leaflets, by arresting the distributors on the charge of loitering.
 

 Our conclusion being that the judge of the civil district court did not abuse his discretion in refusing to grant an injunction, the petition for writs of certiorari, mandamus and prohibition is denied.