HAWTHORNE, Justice.
 

 Plaintiff, Louisiana Wholesale Distributors Association, Inc., a non-profit corporation organized and existing under the laws of this state, instituted this injunction suit against I. Rosenzweig as the sole owner and operator of a large retail store known as the Pic-Kwickly Grocery, located in the City of Tallulah, Louisiana.
 

 In this petition plaintiff alleged that on April 12, 1947, and subsequent thereto defendant caused numerous pamphlets to be circulated in Tallulah to the effect that at certain times he would sell certain popular brands of cigarettes at $1.75 per carton, tax included, and 18^ per package, tax included; that on April 12, 1947, he did actually sell for said prices cigarettes to six persons named in the petition; that the advertisement and sales consummated by defendant were in direct contravention of law and particularly in violation of the express provisions of the Louisiana Unfair Sales Act, Act No. 338 of 1940, as amended by Act 79 of 1942 and subsequently by Act No. 256 of 1946; that under the terms and conditions of said act, it was unlawful for any person, outside the City of New Orleans, to sell these cigaretes at less than $2 per carton or
 
 20‡
 
 per package. The petition further alleged that, under the terms and conditions of the act, petitioner was entitled to an injunction permanently restraining, prohibiting, and enjoining the defendant from continuing to advertise or sell said commodities in violation of the act.
 

 Petitioner then prayed for the usual citation, and, after regular proceedings had, for a permanent writ of injunction forever restraining, prohibiting, and enjoining the defendant from advertising and selling the aforesaid commodities in violation of the law.
 

 Answering this petition, defendant admitted all the material allegations of fact, but denied that the plaintiff was entitled to injunctive relief for the reason that the said act was wholly unconstitutional in that it violated the due process and the equal protection of the laws provisions of the Constitutions of the United States and this, state, U.S.C.A.Const. Amend. 14; Const. La.1921, art. 1, § 2, and, further, that the act was a price-fixing statute and class legislation and precluded defendant from freely contracting with regard to the property and things which he owned.
 

 After trial in the lower court, judgment was rendered in favor of plaintiff and against defendant, decreeing the act in question to be constitutional and granting unto plaintiff the injunctive relief prayed for. From this judgment defendant has appealed to this court.
 

 We shall not discuss the merits of this case, since we take cognizance ex proprio motu of the fact that we do not have
 
 *511
 
 appellate jurisdiction of this case. Dupey v. Greffin’s Executor et al., 1 Mart.,N.S., 198; Lafon’s Executors v. Lafon, 1 Mart., N.S., 703; Kerr v. Kerr et al., 14 La. 177; Foundation Finance Co., Inc., v. Robbins et al., La.App. 144 So. 293.
 

 Article VII, Section 10, of the Louisiana Constitution of 1921 defines the appellate jurisdiction of this court in cases involving constitutional questions thus : “It shall have appellate jurisdiction in all cases wherein the constitutionality or legality of any tax, local improvement assessment, toll or impost levied by the State, or by any parish, municipality, board, or subdivision of the State is contested, or where the legality, or constitutionality of any fine, forfeiture, or penalty imposed by a parish, municipal corporation, board, or subdivision of the State shall be in contest, whatever may be the amount thereof, •and in all cases wherein an ordinance of a parish, municipal corporation, board, or subdivision of the State, or a law of this State
 
 has been declared unconstitutional.
 
 =i= * * ” (Italics ours.)
 

 This case is not a contest over the constitutionality or legality of any tax, local improvement assessment, etc., imposed by the state or any subdivision thereof, nor is it a contest over the legality or constitutionality of any fine, forfeiture, or penalty imposed by the state or any subdivision thereof, nor is it a case wherein a law of this state has been declared
 
 unconstitutional.
 
 On the contrary, it is a suit in which plaintiff seeks an injunction prohibiting the defendant from violating the terms and provisions of Act No. 338 of 1940, as amended. The only defense, that is, that the statute is unconstitutional, the lower court concluded was without merit in holding that the statute was constitutional.
 

 An examination in its entirety of Article VII, Section 10, of the Louisiana Constitution discloses that this is not a case in which this court is given appellate jurisdiction, and for this reason this court is without such jurisdiction.
 

 After this case was argued before this court and submitted for decision, the court took cognizance of the fact there was a serious doubt that it had appellate jurisdiction. Accordingly we requested counsel to file briefs on the question, and counsel for both sides have complied, urging that we have jurisdiction of the case under Article VII, Section 10, of the Louisiana Constitution of 1921, because it is a civil suit where the amount in dispute exceeds $2,000. An affidavit also was filed on behalf of the appellee to the effect that the amount involved in the case exceeds $2,000. It is alleged in the affidavit:
 

 “In the event that this injunction had not been obtained from the District Court, it would have become necessary for retail outlets to cut their price in order to meet this ‘loss-leader’ practice, which would, in a period of less than twenty-four hours,
 
 *512
 
 cause the members of plaintiff corporation to lose a sum in excess of $2000.00. * * *
 

 * * * * * *
 

 “That the Louisiana Wholesale Distributors Ass’n, Inc., collects an excess of $10,000.00 per year from its members as dues and this membership could not afford to continue paying said dues to said organization where the use of 'loss-leader’ practices as engaged in by the defendant herein are continuous, * * * that said corporation under such circumstances would suffer a decided loss in dues in excess of the jurisdictional minimum of $2000.00.”
 

 We do not in any way question the good faith of the affiant in this affidavit, but it is obvious that the loss claimed is based on conjecture as to future events and conclusions of the affiant from such conjecture. Undoubtedly such presumptions cannot inject an “amount in dispute or * * * fund to be distributed” in excess of $2,000 into this injunction proceeding.
 

 For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The appellant is to pay the costs of appeal to the Supreme Court; all other costs shall abide final disposition of the case.
 

 BOND, J., absent.