PONDER, Justice.
 

 Rose Delia Solari died August 16, 1945' leaving an olographic will wherein Mrs. Charlesia Solari Cammack was designated as the universal legatee of the decedent.. The will was probated and Mrs. Cammaclc was sent into possession under judgment, of court of the effects of the succession-valued at $45,000. Some time thereafter Mrs. Cammack sold to Albert J. Heikampa small tract of land in Jefferson Parish,, which she had acquired as universal legatee, of the decedent, for $350. Several months-thereafter Heikamp filed a petition in the succession proceedings under the provisions-of Act 22 of the Extra Session of 1948 asking for a declaratory judgment decreeing-the will of decedent valid and for a confirmation of title and ownership to the property he had acquired from Mrs. Cammack. All of the heirs who would have inherited the property in the absence of the will were-made defendants to these proceedings. All of the defendants, except two, intervened', and asked for judgment decreeing the will valid. Two of the defendants answered and. alleged that the will was void because it. contained an invalid substitution. On trial in the lower court there was judgment in. favor of the plaintiff and intervenors maintaining the validity of the will and decreeing the plaintiff to be the owner of the property he claimed. The unsuccessful de
 
 *676
 
 fendants appealed. The appellees have moved to dismiss the appeal on the ground that this Court is without jurisdiction to entertain the appeal because the property claimed is valued at $350, an amount insufficient to give this Court jurisdiction of the appeal.
 

 We pointed out only recently that this Court will not ordinarily take appellate jurisdiction over suits for declaratory judgment unless the case is one which falls within the classification set out in Article 7, Section 10 of the Constitution. First National Life Insurance Ox v. City of New Orleans, La., 48 So.2d 145. The present appeal is governed by the provision in this article of the Constitution which gives this Court jurisdiction in civil suits where the amount in dispute or the fund to be distributed exceeds $2,000, exclusive of interest. The main demand controls the jurisdiction of this Court and the courts of appeal. Reconventional and incidental demands merely follow the main demand. Opelousas St. Landry Bank & Trust Co. v. Fontenot, 173 La. 430, 137 So. 339 and the authorities cited therein.
 

 The term “the amount in dispute” in the article ,of the Constitution fixing appellate jurisdiction means the value of what the plaintiff claims and what the defendant disputes the plaintiff’s claim for. The value of what is involved in a collateral question which may have to be determined in order to decide the dispute does not govern the appellate jurisdiction. Richardson v. Charles Kirsch & Co., 191 La. 991, 187 So. 1. See also Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386.
 

 The validity of the will arises only incidentally in this cause. Its invalidity is urged as a defense to' defeat the plaintiff’s demand and cannot be considered a factor in determining our jurisdiction. Heard v. Monroe Sand & Gravel Co., supra.
 

 The appellants have cited, in opposition to the motion to dismiss, the cases of Succession of Wengert, 178 La. 1027, 152 So. 747; Pennywell v. George, 164 La. 630, 114 So. 493; Lewis v. Gretna Trust & Savings Bank, 175 La. 1078, 145 So. 13; Stokes v. N. O. Public Service, Inc., 173 La. 405, 137 So. 195. The authorities cited are not in point. In the Wengert case the amount to be distributed exceeded $2,000. In the Pennywell case the plaintiff’s claim exceeded $2,000. In the Lewis case the property to be distributed exceeded $2,000. In the Stokes case the plaintiff’s claim exceeded $2,000 in value.
 

 The appellant’s contention that this Court is vested with jurisdiction because the decision will of necessity determine the validity of the will and distribution of an estate valued at $45,000 is without merit. The plaintiff is only claiming property of the value of $350 and the necessity of passing on the will is only incidental to the plaintiff’s demand and a collateral issue which cannot be considered in fixing the jurisdiction of the appeal. The fact that the
 
 *678
 
 appellant has urged the validity of the will to defeat the plaintiff’s claim for a piece of property valued at $350 would not give this Court jurisdiction because our jurisdiction is fixed by the amount the plaintiff claims and what the defendant disputes the plaintiff’s claim for. Therefore, the dispute in this case resolves itself to the ownership of a piece of property valued at $350. Such being the case, we do not have jurisdiction of the appeal.
 

 Rather than to dismiss the appeal we will transfer it to the Court of Appeal under the Provisions of Act 19 of 1912, LSA-RS 13:4441, 4442.
 

 For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans provided that the appellant shall file the record in such court within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.