McCALEB, Justice.
Proceeding under authority of the Uniform Declaratory Judgments Act, LSA-Revised Statutes of 1950, Title 13:4231-13:4246, the Board of Commissioners of the Port of New Orleans instituted this suit against the Hibernia National Bank in New Orleans, as successor trustee under three certain mortgages of the Board, for a judicial interpretation of special provisions of the mortgages which secured bonds issued for funds obtained for the building of the Industrial Canal. The acts of mortgage provide that the Board may lease, for a term not exceeding 25 years, any parcel of the mortgaged property and, with the assent of the trustee, a lease may be given for a term not exceeding 99 years.
It is the contention of the Board in these proceedings that any lease it may grant in conformity with the foregoing stipulations of the mortgages will vest, in its lessee, rights superior to those of the trustee representing the bondholders.
The trustee, on the other hand, denies that this will be the result, asserting that the mortgages will prime any permissible leases which may hereafter be granted by the Board.
The District Judge determined this issue in favor of the Board. The trustee appealed and the matter has been submitted for our decision on joint motion, without oral argument, under Section 8 of Rule 9 of this Court.
The question of our appellate jurisdiction has been raised and discussed in the briefs of the litigants and, while no formal motion to dismiss has been filed, counsel for the Board of Commissioners has suggested that the appeal is not properly here as *211 there is no amount in dispute or fund to he distributed. The jurisdiction of this Court is set forth in Section 10 of Article 7 of the Constitution and, in civil suits, excepting particular instánces not present in this case, our appellate jurisdiction is confined to matters in which the amount in dispute or the fund to be distributed exceeds $2,000 exclusive of.interest.
It seems apparent that a suit, having as its sole object the judicial declaration of rights which do not presently, and may never, require enforcement is neither a monied demand nor one in which the matter in contest can be said to be capable of monetary appraisement. Manifestly, such an action involves merely the declaration of a right made justiciable by statute. LSA-R.S. Title 13:4231-13:4246, and is therefore appealable to the Court of Appeal under Section 29 of Article 7 of the Constitution. Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145 and Succession of Solari, 218 La. 671, 50 So.2d 801.
It is ordered that this appeal be transferred to the Court of' Appeal for the Parish of Orleans provided that the record is filed in that Court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellant.