57 So.2d 687

FIRESIDE MUT. LIFE INS. CO. v.
MARTIN, Jr., Secretary of
State, et al.
No. 40618.

Feb. 18, 1952.

Stafford & Pitts, Alexandria, for plaintiff-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., Carroll Buck, First Asst. Atty. Gen., Cyrus A. Greco, Baton Rouge, Adolph Menuet, Jr., Sp. Asst. Atty. Gen., for defendant-appellee.

HAMITER, Justice.

Presently to be considered in this cause is a motion filed by appellees (defendants) to dismiss the appeal.

Fireside Mutual Life Insurance Company, a Louisiana corporation domiciled in Alexandria, instituted the suit under the provisions of the Uniform Declaratory Judgments Act, LSA–R.S. 13:4231 et seq., naming as defendants Wade O. Martin, Jr., Secretary of State and Ex-Officio Insurance Commissioner, and Bolivar E. Kemp, Jr., Attorney General, both of the State of Louisiana.

The petition recites that plaintiff was granted a charter by the State of Louisiana authorizing the conducting of a business of writing life, health and accident insurance on the cooperative or assessment plan, and that thereafter it so engaged for a period of years. However, its very existence as an insurer on the cooperative or assessment plan, plaintiff alleges, is threatened by an interpretation of an amendment in the form of a proviso inserted in Section 10.01 of Chapter 10 of the Insurance Code of Louisiana, Act 195 of 1948, LSA–R.S. 22:391, such section with the proviso reading: "All life, health and accident insurers on cooperative or assessment plan organized and authorized to do business in this state at the effective date of this Code may continue to operate, provided, that from and after December 31, 1950, all policies issued by such insurers shall be subject to and in accordance with the laws and regulations of this state relative to industrial life insurance, and especially subject to the provisions of this Code relative to domestic industrial insurers, with the same insuring powers which they have on such date. The operation of such insurers shall be governed by the provisions of this chapter, and by all the applicable provisions of this Code not in conflict herewith."

Other averments of the petition are: "Petitioner avers that the Secretary of State, of the State of Louisiana, in his capacity as Insurance Commissioner of the State of Louisiana, has instructed and di-

rected petitioner that, after December 31, 1950, it may not issue any more policies on the cooperative or assessment plan to its present members, nor to new or prospective members. It avers that if it follows the instruction and directives of the Insurance Commissioner, it will no longer be a life, health and accident insurer on the cooperative or assessment plan, but a new company doing business as an industrial insurance company. It avers that it will suffer irreparable injury because of said order, and is entitled to have its rights established contradictorily with the said official."

Plaintiff prays that a declaratory judgment be rendered herein decreeing: 1. That the mentioned proviso is repugnant to and irreconcilable with the other provisions of Chapter 10 of the Insurance Code, now part X of LRS 22, and is, therefore, nugatory and void. 2. In the alternative, that the proviso impairs plaintiff's contract with the State of Louisiana, as reflected in its corporate charter, and is unconstitutional. 3. That plaintiff is entitled to continue to do business on the cooperative or assessment plan after December 31, 1950.

Additionally, plaintiff asks that the Insurance Commissioner be permanently enjoined from attempting to enforce the proviso.

Defendants answered, praying for judgment dismissing the suit or, alternatively, decreeing that from and after December 31, 1950, all policies issued by plaintiff shall be subject to the laws and regulations relative to industrial life insurance.

After trial the district judge rejected the demands of plaintiff. He concluded, as shown by his assigned written reasons, that the assailed proviso is not unconstitutional or otherwise void.

From the judgment plaintiff obtained an appeal to this court, and it was met by defendants' motion to dismiss now under consideration.

In resisting the motion counsel for appellant take the position that the suit involves a disputed right of a value in excess of $2000 and, hence, appellate jurisdiction is vested in this court by the provision of Section 10 of Article 7 of the Louisiana Constitution which recites that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed * * * shall exceed two thousand dollars * * *." To quote from their brief, they say: "It is our idea that the value of the right in dispute, i. e., our right to continue to do business on the assessment plan, determines the question of jurisdiction. If that right exceeds $2,-000.00, in value, the Supreme Court, and not the Court of Appeal, has jurisdiction of this appeal."

But the record before us contains nothing from which the value of the claimed right can be ascertained. Incidentally, it discloses that plaintiff continued in the insurance business from and after the effective date of the controverted proviso (December

31, 1950), issuing policies in accordance therewith; and it fails to show that any loss has been sustained by reason of the change in the plan of operation.

 True, in this court counsel for plaintiff presented (after the filing of the motion to dismiss) an affidavit signed by the president and secretary of the company in which they stated "that the company's right to continue to do business on the assessment or cooperative plan is worth in excess of $2000." This conclusion of affiants, evidently, is predicated on a sincere belief that possibly a loss at least to that extent will result to the company from the change. However, an affidavit to a similar effect was considered in Louisiana Wholesale Distributors Association, Inc., v. Rosenzweig, 212 La. 1015, 34 So.2d 58, and with reference to it we said: "We do not in anyway question the good faith of the affiant in this affidavit, but it is obvious that the loss claimed is based on conjecture as to future events and conclusions of the affiant from such conjecture. Undoubtedly such presumptions cannot inject an 'amount in dispute or * * * fund to be distributed' in excess of $2,000 into this injunction proceeding." See also Prampin v. Southern Chemical Works, Inc., 218 La. 392, 49 So.2d 737.

Inasmuch as this case does not come within the monetary provision of that section of the Louisiana Constitution, Section 7, Article 10, which establishes our appellate jurisdiction, and the other provisions thereof are clearly inapplicable, we cannot entertain the appeal. Instead of dismissing the appeal, however, we shall transfer it to the Court of Appeal, First Circuit.

Therefore, it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 4442, the record to be filed in such court by appellant within 30 days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellant shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.