PONDER, Justice.
This is an action by Fred Nelson to have the court declare and determine his rights under a contract with the defendant, the Associated Branch of Pilots of the Port of Lake Charles.
Plaintiff asks this court to decide whether or not he can be forced “to take a ship oitt of turn” without receiving additional remuneration under an agreement entered into between the plaintiff and defendant Association; and whether or not he can legally withdraw from the Association without complying with the terms of the agreement which provides that he cannot withdraw unless he shall have first given the Association his bond in the sum of $3,000.
It is plaintiff’s contention that the condition in the agreement is contra bonos mores, illegal, and unenforceable, and deprives him of his right of life, liberty, or property, without due process of law as guaranteed by Article V and XIV of the Amendments of the Constitution of the United States of America, and of his right under Article [Section] II of the Bill of Rights of the Constitution of the State of Louisiana, and that it does not afford plaintiff equal protection under the law.
The prayer of the plaintiff’s petition is that this court declare and determine his rights under the contract and that there be judgment in his favor for $75 for sick benefits and that the courts rescind a $50 fine unlawfully levied on plaintiff by defendant Association.
This suit falls under the provisions of Act No. 431 of 1948, Act No. 22 of the *1018 Extraordinary Session of 1948 known as the “Uniform Declaratory Judgments Act.” LSA-R.S. 13:4231 et seq. By the terms of Section 7 of Act No. 431 of 1948, Act No. 22 of the Extraordinary Session of 1948, all orders, judgments and decrees rendered under the said act “may be reviewed as other orders, judgments and decrees.” Unless the case is one which falls within the classification set out in Article 7, Section 10 of the Constitution, this court will not take jurisdiction. First National Life Insurance Company v. City of New Orleans, 218 La. 9, 48 So.2d 145; Succession of Solari, 218 La. 671, 50 So.2d 801.
In Board of Com’rs of Port of New Orleans v. Hibernia Nat. Bank, 219 La. 208, 52 So.2d 753, this court said:
“It seems apparent that a suit, having as its sole object the judicial declaration of rights which do not presently, and may never, require enforcement is neither a monied demand nor one in which the matter in contest can be said to be capable of monetary appraisement. Manifestly, such an action involves merely the declaration of a right made justiciable by statute. LSA-R.S. Title 13:4231-13:4246, and is therefore appealable to the Court of Appeal under Section 29 of Article 7-of the Constitution.”
It is ordered that this, appeal be transferred to the Court of appeal for the First Circuit provided the record is filed in that court within 30 days from the date upon which this decree shall become final; otherwise, the appeal shall be dismissed. The costs,incurred in this court shall be paid by appellant.