**66 So.2d 791**

**BIERHORST v. KELLY.**

No. 41366.

July 3, 1953.

Dresner & Dresner, New Orleans, for defendant-appellant.

Harold A. Moise, Jr., New Orleans, curator ad hoc, for the absent defendants.

Charles L. Rivet, New Orleans, for plaintiff-appellee.

LE BLANC, Justice.

This proceeding is brought under the provisions of LSA–R.S. 13:4231–13:4246. This is the statute relative to Uniform Declaratory Judgments.

In her petition the plaintiff sets out that on January 15, 1953, she acquired from her two sisters all of their rights, title and interest in a certain property situated in the Second District of New Orleans, in Square No. 164, Lakeview. She alleges that she and her two sisters acquired the property by inheritance from their mother and were put in absolute possession as sole owners in the succession proceedings of their deceased mother, Mrs. Cecile Levenberg. That on January 21, 1953, Philip M. Kelly, who is made a defendant herein made an offer to purchase the said property, which she accepted, and that a controversy has arisen between them as to the validity of her title to the property.

She then avers that the defendant contends that Jacob and Alexander Levenberg, who are also children of Mrs. Cecile Levenberg, but whose existence was unknown at the time of her death, have interests in said property which have not been divested but that she contends that her ownership thereof is full, complete, absolute and unconditional and her title is good and merchantable. She avers in this connection that the rights, if any, of her two brothers whose existence was and remains unknown, in the succession of their mother, devolved exclusively on her and her two sisters.

In the alternative she avers that her two brothers are without any interest whatsoever and should they reappear, their rights, if any, would be limited to a claim against her for their share of the price received by her in the sale of the property.

The prayer of her petition is that an attorney-at-law be appointed to represent the two brothers whose existence is unknown and that the said attorney and the defendant be duly cited, and in due course that there be judgment: "decreeing and declaring that petitioner's title to the property described in her foregoing petition is full, complete, absolute, unconditional and merchantable; that whatsoever rights or interests Jacob and Alexander Levenberg, or either of them, had or might have had in and to the Succession of their mother, Cecile Bashinski widow of Abraham Levenberg, devolved exclusively on petitioner and her sisters, Eva Levenberg Yarrut and Miriam Levenberg Panfield; in the alternative, that the only rights of said Jacob and Alexander Levenberg, or either of them, should they reappear, would be limited to a claim against petitioner for their proportion of the purchase price to be received by her."

Plaintiff annexed to, and had made part of her petition, a copy of the offer to purchase the property, from which it appears that the price offered was the sum of $6,000 cash.

The curator ad hoc appointed to represent the two brothers whose existence was unknown filed an answer in which, for lack of sufficient information to justify a belief, he denied the allegations of the petition and

called for strict proof thereof. The defendant, Philip M. Kelly, answered, setting up his contention that the plaintiff cannot deliver to him a good and merchantable title to the property and prays that her demands be rejected at her costs.

The matter was presented to the trial judge on an agreed stipulation, whereupon he rendered judgment in favor of the plaintiff and against the defendants declaring that plaintiff's title to the property: "is full, complete, absolute, unconditional and merchantable." From that judgment both the defendant Kelly and the curator appointed to represent the absent defendants took an appeal to this Court.

The sole and only issue presented in the case, as far as we can see, is whether, under the provisions of Article 77 of the LSA–C.C., the plaintiff has become vested with an exclusive title to the property involved and can therefore transfer such a title, or whether, on the other hand, by virtue of the provisions of Article 78 of the Code she cannot do so because of the right of her two brothers to claim, within a certain prescription period, "the inheritance and any other rights" which they or their representative or assigns may have. No question of specific performance of a contract is presented in the case and as a matter of fact there really is no issue in contest between the parties. Plaintiff is ready to sell and defendant is willing to buy if a good and merchantable title to the property can pass. The amount which defendant has offered to pay is not, and indeed, nothing else seems to be in dispute. The judgment to be rendered would clearly be one relating to the status and the legal effect of the title to the property and under such a situation this Court held, in the case of The First National Life Insurance Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145, that the Court of Appeal is the one vested with appellate jurisdiction. Whilst it is true that the question of appellate jurisdiction is not raised, it is nevertheless the right, and the duty, of this Court to consider its jurisdiction ex proprio moto. We are satisfied that the proper appellate jurisdiction lies in the Court of Appeal for the Parish of Orleans and it therefore becomes necessary for us to transfer the case to that Court.

For the reasons stated it is ordered that in accordance with the provisions of LSA–R.S. 13:4441, LSA–R.S. 13:4442, this case be transferred to the Court of Appeal for the Parish of Orleans within thirty days from the date on which this decree becomes final; otherwise the appeal will be dismissed at the costs of the appellant.

MOISE, J., recused.