ELLIS, Judge.
Proceeding under authority of the Uniform Declaratory Judgment Act, LSA-R.S. of 1950, Title 13:4231-13:4236, the plaintiff instituted this suit for a judicial interpretation and enforcement of a contract of employment entered into with the six defendants, five of whom are absentees, and coupled therewith a sequestration of more than $7000 deposited in the registry of the Court, and accordingly an order was obtained appointing an attorney at law as curator ad hoc to represent these absentees. After the delays had elapsed, preliminary default was regularly entered as to all six defendants on April 14, 1953, and after two clear days had passed the matter was taken up on April 17, 1953 on confirmation of default, and the Trial Court, after hearing the evidence adduced, rendered and signed the judgment on April 22, 1953.
On the 27th day of April, 1953, within the legal delays, regularly employed attorneys filed a motion for a new trial on behalf of the absentee defendants which was duly argued and with written reasons overruled on June 4, 1953, and from the judgment rendered and the refusal to grant a new trial the absentee defendants through their counsel have appealed to this Court.
The evidence adduced on the trial thereof was the oral testimony of plaintiff and two other lawyers and also documentary evidence consisting of the contracts executed by the defendants, a certified copy of judgment of the court in a concursus proceeding in which more than $400,000 had been deposited in the registry of the court and had been decreed to be paid to the persons named in the judgment, including defendants. The judgment was rendered in the suit of Delta Refining Co. v. A. J. Bankhead, No. 36231 on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, and was dated March 1, 1953. Under that decree, the defendants in this case at the time the present suit was filed were entitled to receive from the sum deposited in the registry of the court, along with their brother Nicholas Tillman, $7,-411.81, less $528.50 plaintiff claims for expenses in connection with services he had rendered to the defendants. Under the contract of employment and which plaintiff asks for specific performance and in this suit he claims out of the funds deposited in the registry of the court the sum of $3,-441.65, and in addition thereto asks specific performance of his contract with defendants ordering them to convey to him one-half interest in the land described in his petition, and which was sequestered in this suit along with the money deposited in the registry of the Court. A monetary value on the land is not alleged in plaintiff’s petition nor proved, but in addition to claiming an undivided one-'half interest in the land he also asks that his contract be enforced against any royalties or minerals produced from the land or any revenues accruing therefrom. The money deposited in the registry of court was from oil produced and sold from the land.
The plaintiff also prays, in the alternative, if the court would not decree specific performance of his contract, that he have judgment on his claim and expenses on the basis of quantum merit.
*536 We have closely examined the pleadings in this case, together with the oral testimony adduced on the trial thereof, as well as the documentary evidence filed in the case and the judgment of the trial court, and have concluded that, although the primary demand is for a declaration of rights under plaintiff’s contract with defendants, it is a suit for specific performance under that contract for land and money, and recognition of his rights under the contract to the funds on deposit in the registry of the court, which is in a sum of which we do not have appellate jurisdiction. The evidence adduced on the trial of the case conclusively shows that the plaintiff claims in addition to the $528.50 expended by him in handling the litigation for defendants, the sum of $3,441.65, and under the judgment rendered by the court below the plaintiff was not only awarded an undivided one-half interest in the land but also awarded a decree ordering the $528.50 expended by him to be paid by preference and priority and . awarded a judgment decreeing him to be the owner of ope-half of the rents, royalties, minerals and other revenues produced from the land described in his contract in addition to a one-half interest in the funds deposited in the registry of the court standing in the name of the six defendants and maintaining his seizure under the writ of sequestration and ordering the Clerk of Court to disburse the funds in his hands in accordance with the judgment.
In view of the fact that the rights of plaintiff and defendants over the distribution of the proceeds of the funds deposited in the registry of the court, which at the time the case was submitted to the trial judge, amounted to $7,411.81, in addition to a one-half interest in the other property, the amount involved in this litigation is in excess of our appellate jurisdiction, and jurisdiction is vested solely in the Supreme Court of Louisiana under Article 7, § 10 of the Constitution of 1921. We are not empowered to render a judgment in this case because we lack appellate jurisdiction. First National Life Insurance Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145, Succession of Solari, 218 La. 671, 50 So.2d 801, Board of Commissioners of Port of New Orleans v. Hibernia National Bank, 219 La. 208, 52 So.2d 753; State v. Cook, 197 La. 1027, 3 So.2d 114.
In the case of First National Life Insurance Co. v. City of New Orleans, supra. [218 La. 9, 48 So.2d 146], Mr. Justice LeBlanc, as the organ of the court, stated:
“The appellate jurisdiction of the Supreme Court as fixed and established by Section 10 of Article 7 of the Constitution of 1921, may be said to extend to seven different classes of cases which can be enumerated as follows :
“L Civil Cases: That includes Civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2000.00 exclusive of interest, except * *
The proof adduced on the trial of this, case unquestionably shows that the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, exceeds $2,000, exclusive of interest.
Our jurisdiction is not questioned, but as an appellate court, we will take notice of lack of our jurisdiction, ex proprio. motu.
We are convinced that we .are without appellate jurisdiction and that appellate jurisdiction of this cause is vested in the Supreme Court of Louisiana under Section 10 of Article 7 of the Constitution of 1921. and it is necessary for us to transfer this, case to that court.
For the reasons assigned, and pursuant to the provisions of LSA-R.S. Title 13, Section 4441, "this case is ordered transferred to. the Supreme Court of Louisiana, such transfer to J>e perfected in sixty days; otherwise, that this appeal be dismissed and that the cost .of this court be paid by appellant.