The **LEITER MINERALS, Inc.,**
Appellant,

v.

**UNITED STATES** of America et al.,
Appellees.

No. 15276.

United States Court of Appeals
Fifth Circuit.

June 30, 1955.

Rehearing Denied Oct. 14, 1955.

382

Plauche & Plauche, Lake Charles, La., S. W. Plauche, Jr., for The Leiter Minerals, Inc., defendant-appellant.

Eugene D. Saunders, M. Hepburn Many, Asst. U. S. Atty., New Orleans, La., Perry W. Morton, Asst. Atty. Gen., Charles D. Marshall, George R. Blue, U. S. Atty., New Orleans, La., David D. Hochstein, Fred W. Smith, Dept. of Justice, Washington, D. C., Lawrence K. Benson, New Orleans, La., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel, for The California Company and Allen L. Lobrano, appellees.

Before HOLMES and BORAH, Circuit Judges, and DAWKINS, District Judge

BORAH, Circuit Judge.

This is an action by the United States of America to quiet its title to the minerals and mineral rights which underlie certain lands in Plaquemines Parish, Louisiana; to cancel and have removed as clouds on that title the instruments evidencing appellant's claimed ownership of the same property; and as incidental thereto, to enjoin the prosecution of a petitory action now pending in the district court for Plaquemines Parish, brought by the appellant in this suit against Allen L. Lobrano, a mineral lessee of the United States, and The California Company which has an operating agreement with the Government's lessee, to establish its asserted claim of title to, and right to possession of, the minerals under the land in suit.

This appeal is from an interlocutory order, D.C., 127 F.Supp. 439, granting a preliminary injunction restraining the appellants, their agents, principals, and all other persons whomsoever acting with them from prosecuting or attempting to prosecute its title suit in the State court pending the determination of this action; and also, from those parts of the same order denying appellant's motion to dismiss or alternatively to stay all further proceedings in the Federal court.

While we believe that the right of appeal is conferred only in respect to that portion of the order which granted

the preliminary injunction[1] it is not our understanding that we are authorized to consider only the injunctive phase of the order, but that we may and should also examine that portion of the interlocutory order denying the motion to dismiss or stay, although normally such denial would be appealable only after a final decree. Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S.Ct. 229, 85 L.Ed. 189. Appellant's motion sought to dismiss this action or to stay proceedings in it until the State court suit had been determined, on the ground that the State court had previously assumed jurisdiction of the controversy and of the property involved. For the reasons hereinafter set forth we hold that this motion was correctly denied.

The complaint alleges that, pursuant to a contract of purchase and sale of March 14, 1935, between the United States and the executors and trustees of the Estate of Joseph Leiter, Thomas Leiter, as heir of Joseph Leiter, on December 21, 1938, conveyed to the United States approximately 8,711 acres of land in Plaquemines Parish, Louisiana. The deed contained a mineral reservation identical to that contained in the earlier agreement of March 14, 1935. The text of the mineral reservation is set forth in full in the complaint and the following is a summary of its provisions: The vendor reserved until April 1, 1945, the right to mine and remove all oil, gas and other valuable minerals; provided, that if for three years prior to April 1, 1945, mineral operations were conducted to commercial advantage for an average of at least 50 days per year, the mineral rights were to be extended for a further period of five years, but the right so extended would be limited to an area of twenty-five acres around each well producing or being drilled or developed on April 1, 1945. This right to mine as previously stated was to be further extended for additional periods of five years whenever operations during the preceding five years had been on an average of 50 days per year during this period. It was further provided that "at the termination of any extended period in case the operation has not been carried on for the number of days stated, the right to mine shall terminate, and complete fee in the land become vested in the United States." After setting forth these facts the complaint alleges that no mineral operations within the meaning of the reservation were ever conducted on the land by the vendor or the appellant or anyone acting under or through them. Then follow the allegations that on March 1, 1949, the United States executed mineral leases covering portions of the property conveyed to it by Leiter to Frank J. and Albert Lobrano; that the Lobranos conveyed the operating rights under the leases to The California Company; that The California Company has drilled and completed 80 producing wells on the property, has produced and is now producing oil and gas in large quantities and that the United States has heretofore received more than $3,500,000 in royalties. Continuous physical possession of the land by the United States since the date of its acquisition and of the minerals through its lessees are also set forth. The complaint further alleges that The Leiter Minerals, Inc., appellant herein, is wrongfully claiming to be the owner of the minerals beneath the property and has caused to be recorded certain instruments constituting clouds upon the title of the United States. It then sets forth the institution and nature of the action filed by appellant in the district court of Plaquemines Parish and states that the United States is entitled to have its title to the mineral rights quieted as against any claims of appellant and the clouds upon its title removed.

■ We have no misgivings as to the sufficiency of the complaint and believe that the appellee is on firm ground in contending that in this suit, wherein the United States is plaintiff, the district court under the clear provisions of the

1. 28 U.S.C. § 1292(1).

statute, 28 U.S.C. § 1345, became vested with exclusive jurisdiction to determine the title of the United States to the mineral rights claimed by appellant. All the parties necessary to make this determination were before the court and the court had jurisdiction to grant the relief prayed. Humble Oil & Refining Co. v. Sun Oil Co., 5 Cir., 191 F.2d 705.

In the state court action appellant as successor to Thomas Leiter claimed that it was the owner of all the minerals and all the mineral rights in, on, or that may be under the lands conveyed to the United States by Leiter by virtue of the mineral reservation contained in that deed. Obviously the controversy as to title is between the appellant and the United States, not between the appellant and the Government's mineral lessees, and from this it follows that the United States is an indispensable party. The appellant can obtain effective relief with respect to title only against it. But the United States is not a party, and because of its sovereign immunity from suit it cannot be made one without its consent, which it withholds. State of Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Naganab v. Hitchcock, 202 U.S. 473, 26 S.Ct. 667, 50 L.Ed. 1113; State of Louisiana v. Garfield, 211 U.S. 70, 29 S.Ct. 31, 53 L.Ed. 92; Stanley v. Schwalby, 162 U.S. 255, 16 S.Ct. 754, 40 L.Ed. 960. Furthermore, the United States cannot lawfully intervene in the pending State court action as a party defendant as appellant argues it can and must because no officer or agent of the United States has the power or authority to litigate the title of the United States in the State court action. United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. U. S. Fidelity & Guaranty Co., 309 U. S. 506, 60 S.Ct. 653, 84 L.Ed. 894; Stanley v. Schwalby, supra; Carr v. United States, 98 U.S. 433, 25 L.Ed. 209.

The decision in United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331, upon which appellant strongly relies does not run counter to the views which we have expressed, because there, the Government had filed suit in the Federal court to assert its claim to a fund in the possession of "stakeholders" or "depositaries" of the State court, and the Supreme Court, in affirming the dismissal of the Government's suit, simply held, in effect, that the United States should proceed by intervention in the State court action to distribute the fund since "the United States would be an actor—voluntarily asserting what it deemed to be its rights—and not a defendant." 296 U.S. 463, 480, 56 S.Ct. 343, 348.

The rule as to *in rem* actions which appellant invokes is predicated upon principles of comity between State and Federal courts of concurrent jurisdiction,[2] and it has no application here because the District Court, wherein the United States is plaintiff, has exclusive jurisdiction to determine the title of the United States to the minerals and mineral rights claimed by the appellant.

In the light of the foregoing, we hold that the District Judge, under the applicable statute, 28 U.S.C. § 2283, was right in concluding that a preliminary injunction should issue to preserve the status quo in order to prevent irreparable injury, and we adopt and quote with approval the following from his published opinion:[3] " * * * should the state court proceeding come to final judgment dispossessing the mineral lessees of the United States before the litigation in the federal courts is terminated, inestimable and irreparable damage will result to the United States from the interruption in the operations of its lessees on the premises, in the event the United States is ultimately declared the owner of the property in suit. This contingency can be avoided only by an abatement of the state court action." See United States v. McIntosh, D.C., 57 F.2d 573, 580.

The order appealed from is Affirmed.

2. See Covell v. Heyman, 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390.

3. United States v. The Leiter Minerals, Inc., D.C., 127 F.Supp. 439, 444.