104 So.2d 155

Michael THEODOS and Stork Club, Inc.

v.

CITY OF BOSSIER CITY et al.

No. 43562.

June 27, 1958.

Ferris & Achee, Shreveport, for plaintiffs-appellants.

James B. Wells, City Atty., Louis H. Padgett, Jr., Dist. Atty., Bossier City, for defendants-appellees.

PONDER, Justice.

Plaintiffs instituted this suit under the provisions of the Uniform Declaratory Judgments Act, LSA–R.S. 13:4231 et seq., seeking to obtain a judgment declaring the Stork Theatre Restaurant in Bossier City to be a restaurant within the meaning of LSA–R.S. 51:191–192, the State Sunday Closing Law. From a judgment sustaining an exception of no cause or right of action filed by the defendants, the plaintiffs have appealed.

Originally injunctive and other relief was sought by the plaintiffs-appellants but on April 22, 1957, after judgment sustaining the exception of no cause or right of action, a motion and order for partial dismissal was filed by plaintiffs and granted by the trial judge, in which motion it is set out that "the sole issue in this case will be the plaintiffs' demand for a declaratory judgment declaring the establishment of the Stork Club, Inc. to be a restaurant."

Appellants set out as the basis of this Court's jurisdiction the right of the Stork Theatre Restaurant, also known as the Stork Club, Inc., to remain open after midnight which they allege is worth far in excess of the sum of two thousand dollars, thus giving jurisdiction to this Court under Article 7, Section 10 of the LSA–Constitution of 1921. In support of this contention, appellants cite the case of Frierson v. Cooper, 196 La. 450, 199 So. 388.

Appellants are mistaken in their belief that this Court has jurisdiction of this case. In the Frierson case, supra, an injunction was sought and it was affirmatively proven that the value of the right sought to be enjoined was in excess of the jurisdictional amount. In the present suit no injunctive relief is sought but the plaintiffs seek merely a declaration of whether or not their business is a restaurant.

We stated in First National Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145 and Succession of Solari, 218 La. 671, 50 So.2d 801 that this Court will not take appellate jurisdiction over suits for declaratory judgment unless the suit is one which falls within the classification set out in Section 10 of Article 7 of the LSA–Constitution of 1921.

In seeking to establish jurisdiction, appellants introduced evidence as to the amount of business that would be lost by the closing of its business after midnight on weekdays, and on Sundays. A similar situation was passed upon by this Court in the case of Fireside Mutual Life Ins. Co. v. Martin, 220 La. 794, 57 So.2d 687, wherein plaintiff sought to establish the value of the right to do business on the assessment plan and therein this Court declined jurisdiction holding that this was pure conjecture as to future business. The same principle applies to the present case. The holding in Fireside Mutual Life Ins. Co. v. Martin, supra, was predicated on the holding in Louisiana Wholesale Distributors Association, Inc., v. Rosenzweig, 212 La. 1015, 34 So.2d 58.

The following statement in the case of Board of Commissioners of Port of New Orleans v. Hibernia National Bank, 219 La. 208, 52 So.2d 753 is pertinent herein:

"It seems apparent that a suit, having as its sole object the judicial declaration of rights which do not presently, and may never, require enforcement is neither a monied demand nor one in which the matter in contest can be said to be capable of monetary appraisement. Manifestly, such an action involves merely the declaration of a right made justiciable by statute. LSA–R.S. Title 13:4231–13:4246, and is therefore appealable to the Court of Appeal under Section 29 of Article 7 of the Constitution. Bunol v. Bunol, 168 La. 391, 122 So. 121; Noe v. Maestri, 193 La. 382, 190 So. 588; First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145 and Succession

of Solari, 218 La. 671, 50 So.2d 801."
See also Nelson v. Associated Branch
of Pilots of Port of Lake Charles, 221
La. 1015, 61 So.2d 463.

This Court being without appellate juris-
diction of this case we cannot entertain the
appeal and accordingly it must be trans-
ferred to the Court of Appeal, Second
Circuit.

It is ordered that this appeal be trans-
ferred to the Court of Appeal, Second Cir-
cuit, provided the record is filed in that
court within 30 days from the date upon
which this decree shall become final, other-
wise the appeal shall be dismissed. The
costs incurred in this Court shall be paid by
appellants.