FOURNET, Chief Justice.
The defendants-appellants, the California Company, et al., having perfected an appeal to this Court from the District Court’s judgment against them and in favor of the plaintiff, the Leiter Minerals, Inc., have now filed a motion to transfer to the Court of Appeal for the Parish of Orleans because of “a serious question affecting [our appellate] jurisdiction” which counsel say they feel impelled to raise — although, due to the unusual circumstances of the case, they felt bound to lodge the appeal here.
It appears that the plaintiff’s author in title, Thomas Leiter, by act of sale dated December 21, 1938, conveyed a large tract of land in Plaquemines Parish to the United States of America, with reservation of mineral rights “to expire April 1, 1945,” subject to certain conditions not material at this time, and in 1952 transferred his rights to the plaintiff here. No operations have ever been conducted pursuant to the said reservation. The United States, meanwhile (March 1, 1949), executed mineral leases to defendants herein covering different portions of the property, pursuant to which wells were drilled and production had; and the plaintiff Leiter Minerals, Inc., instituted a petitory action in the State court against the said mineral lessees of the United States, seeking to have itself declared owner of the mineral rights under the land and also for an accounting for oil and other minerals removed by defendant-lessees under their leases from the United States, basing its claim on Louisiana Act 315 of 1940, R.S. 9:5806, which, it alleged, made imprescriptible the reservation of mineral rights made by its predecessor in title in the deed of December 21, 1938 to the United States.[1] The United States, not a party to the State court proceeding, then brought suit in the Federal District Court for the Eastern District of Louisiana, joining as defendants the Leiter Minerals, Inc., and other interested parties, to quiet title in and to the mineral rights and for a preliminary injunction to restrain plaintiff from prosecuting its action in the State court against the mineral lessees of the United States, basing its claim of ownership on the provision in the 1938 deed from Thomas Leiter that the reservation of mineral rights would expire on April 1, 1945. The injunction issued,[2] and the ruling was affirmed by the U. S. Court of Appeals, Fifth Circuit.[3] The U. S. Supreme Court having granted certiorari, in due course it rendered its opinion[4] in which it reviewed the jurisprudence supporting the power of the Federal court to enjoin proceedings in a State court, stated as a “certainty” that the suit in the Federal court was the only one that could finally determine the basic issue in the litigation, i. e., whether the title of the United States to the *126 mineral rights was affected by La.Act 315 of 1940, held that the Federal District Court properly exercised its jurisdiction to entertain the suit and “to prevent the ef-fectuation of state court proceedings that might conflict with the ultimate federal court judgment,” and observed: “The Government contends that Act No. 315 of 1940 does not apply when the parties themselves have contracted for a reservation of specific duration and that if the statute is construed to apply to this situation it would impair the obligation of the Government’s contract.” Petitioner [the Leiter Minerals, Inc.] contests these contentions. “The Supreme Court of Louisiana has never considered the specific issue or even discussed generally the rationale of the statute, especially with reference to problems of constitutionality.” The Court then, after having posed the questions: “ * * * What are the situations to which the statute is applicable? Is the statute merely declaratory of prior Louisiana law? What are the problems that it was designed to meet ? * * *” observed that the answers might be relevant, and concluded that “ * * * Before attempting to answer them and to decide their relation to the issues in the case, we think it advisable to have an interpretation, if possible, of the state statute by the only court that can interpret the statute with finality, the Louisiana Supreme Court.” The judgment of the Court of Appeals was therefore modified to permit an interpretation of the State statute to be sought “with every expedition” in the State court[5] and in accordance with the Court’s mandate the plaintiff, availing itself of the provisions of R.S. 13:4232 et seq., instituted this proceeding in the District Court for the Parish of Plaquemines and obtained a declaratory judgment decreeing that Act 315 of 1940 “applies to the mineral reservation contained in the deed of Thomas Leiter to the United States of America dated December 21, 1938, * * * that the said mineral rights thereby reserved were rendered imprescriptible by Act 315 of 1940; and that Act 315 of 1940 as so applied, is valid and constitutional.”
The defendants-appellants contend, in support of their motion to transfer, that (a) since the U. S. Supreme Court has stated the “basic issue” to be whether the title of the United States to the mineral rights was affected by Louisiana Act 315 of 1940, (b) since the same Court, by spe-fically approving the action of the Federal District Court and by expressions in the opinion clearly indicated that no interpretation of the contract is contemplated in the State courts since any such interpretation “might conflict with the ultimate federal court judgment;” and (c) since it is within the province of the Federal Court to judicially declare the meaning of the contract in the light of the respective claims of the litigants and the weight to be given the evidence adduced, the sole question which can be the subject of the instant litigation — in the light of the U. S. Supreme Court’s observation that state courts “can decide definitively only questions of state law that are not subject to overriding federal law” — is whether, the statute applies when the parties themselves have contracted for a reservation of specific duration. Counsel cite numerous cases[6] as authority for the rule that our jurisdiction cannot be established by the indeterminate value which a judgment merely declaratory of rights may have in some other legal proceeding upon property affected by the judgment in that proceeding.
*127 The plaintiff-appellee, opposing the motion to transfer, argues that the evidence in the record affirmatively establishes that the value of the mineral right in question is many times in excess of the jurisdictional amount of $2,000; that in all other respects the case is identical with Nolen v. Bennett, 238 La. 364, 115 So.2d 381, presenting the question of whether a mineral servitude had lapsed by prescription or was still in effect, and in that case a transfer was ordered solely because evidence in the record failed to affirmatively establish the jurisdictional amount. Counsel, referring to the scope of judgment rendered by the lower court, submit that the decision on the issues presented will be final and definitive, not only on the meaning and effect of the 1940 act but will also determine finally, for all practical purposes, the existence or the non-existence of the mineral servitude claimed by plaintiff, and that to grant the motion to transfer would unreasonably delay the adjudication by this Court — the Court where the matter must finally rest.
While we should like at this time to lend our assistance to a solution of the issue posed in this phase of the case, and appreciate counsel’s lament that as the matter now stands the case would come on for argument and submission to this Court during April or May of the present term, thus effectuating the U. S. Supreme Court’s direction that litigants proceed with “every expedition in the State Court,” whereas a transfer will occasion additional delays of possibly considerable extent, nevertheless it is evident we do not have jurisdiction in this case. The State statute was not declared unconstitutional, and the case does not fall within any of the other classifications set out in Section 10 of Article 7 of the Constitution giving this Court appellate jurisdiction; accordingly the appeal must be transferred to the Court of Appeal. See First Nat. Life Ins. Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145; Succession of Solari, 218 La. 671, 50 So.2d 801.
For the foregoing reasons it is ordered that this appeal be transferred to the Court of Appeal, Parish of Orleans, provided the record is filed in that court within 30 days from the date upon which this decree shall become final, otherwise the appeal shall be dismissed. The costs incurred in this Court shall be paid by appellants.

. Act 315 of 1940, incorporated in the Revised Statutes of 1950 as R.S. 9:5806, declares that “When land is acquired by conventional deed or contract * * * by the United States of America * * * from any person * * * and by the act of acquisition * * * oil, gas or other minerals or royalties are reserved, * * * the rights so reserved * * * shall be imprescriptible.”

. See United States v. Leiter Minerals, D.C., 127 F.Supp. 439, wherein the District Court held that since the United States was not a party to the State court suit, the title of the United States could be tried only in the federal court action and that an injunction against prosecution of the State proceedings should issue to protect its jurisdiction pending determination of the ownership of the property.

. See 224 F.2d 381, where the Court upheld the issuance of the injunction because “the district court under the clear provisions of the statute, 28 U.S.C. § 1345, became vested with exclusive jurisdiction to determine the title of the United States to the mineral rights claimed by appellant.” (224 F.2d 383-384.)

. 352 U.S. 220, 77 S.Ct. 287, 292, 1 L.Ed. 2d 267, rehearing denied 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560.

. Except as so specifically modified by the U. S. Supreme Court’s judgment, the prosecution of the State court proceeding remains enjoined.

. Board of Commissioners of Port of New Orleans v. Hibernia National Bank, 219 La. 208, 52 So.2d 753; Nelson v. Associated Branch Pilots of Port of Lake Charles, 221 La. 1015, 61 So.2d 463; Bierhorst v. Kelly, 223 La. 737, 66 So.2d 791; Theodos v. City of Bossier City, 235 La. 417, 104 So.2d 155; Roseland Wirebound Box Co. v. Walker, 237 La. 292, 111 So.2d 118.